UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS LEWIS,

    Plaintiff,

v

KYLE PLOEHN,

    Defendant.

_____/

Case No. 1:14-cv-596

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving the alleged misdiagnosis of and failure to provide appropriate medical treatment for Plaintiff's medical condition in violation of Plaintiff's Eighth and Fourteenth Amendment rights. Defendant filed a motion for summary judgment, arguing that "there is no genuine issue of material fact indicating Defendant acted with deliberate indifference to Plaintiff's serious medical needs or otherwise violated his constitutional rights" (Dkt 16 at 2). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendant's motion for summary judgment be granted and Plaintiff's action be dismissed (Dkt 27 at 1). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 29) and Defendant's response to those objections (Dkt 33). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff objects to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted because "there exists genuine issues of material facts sufficient to proceed to a trial" (Pl. Obj., Dkt 29 at 1). For the reasons that follow, Plaintiff's objections are without merit, and the Magistrate Judge properly concluded that Defendant's motion for summary judgment should be granted.

**Objection One**

First, Plaintiff contends that the Magistrate Judge failed to review his pleadings (Pl. Obj., Dkt 29 at 2). Plaintiff asserts that he submitted evidence to support his claims that Defendant did not prescribe the necessary treatment for carpel tunnel syndrome (CTS), that the Defendant delayed "treatment for CTS due to [Defendant's] numerous misdiagnoses, and that the treatment [Defendant] did provide was equivalent to nothing" (Pl. Obj., Dkt 29 at 2-3). Defendant, in his response, contends that "regardless of whether [Plaintiff's] treatment was 'proper,' it certainly did not violate the Eight[h] Amendment," and furthermore, "Plaintiff's implication that [Defendant] purposely 'misdiagnosed' him is undermined by his own allegations that Dr. Sudhir, a treating physician, rendered the same diagnosis" (Def. Resp., Dkt 33 at 3-4).

Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. To demonstrate an Eighth Amendment violation, the Plaintiff must show (1) "the existence of a sufficiently serious medical need" and (2) "that the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal quotations and citations omitted). A plaintiff alleging deliberate indifference "'must show more than negligence or the misdiagnosis of an ailment.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

The Magistrate Judge throughly examined the evidence (R & R, Dkt 27 at 6-8) and concluded that "at most, Plaintiff can establish that Defendant [] misdiagnosed his ailment or engaged in malpractice … however, neither circumstance violates the Eighth Amendment" (*id.* at 8). As the Magistrate Judge stated, "[t]o the extent" that Plaintiff "simply disagrees with the treatment he received, or asserts that he received negligent care," Defendant "is entitled to summary judgment" (*id.* at 5). Even if Plaintiff's treatment was improper, as he contends, to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703. Accordingly, Plaintiff's objection is denied.

**Objection Two**

Next, Plaintiff contends that the Magistrate Judge "failed to mention the deliberate indifference claim on the delay in treatment …," and states that he "did not disagree with the treatment he received, he is disagreeing with the numerous diagnoses he received" (Pl. Obj., Dkt 29 at 3-4). Furthermore, Plaintiff appears to assert that he "alleged a delaying tactic used by [Defendant] which is the indifference" required to demonstrate an Eighth Amendment violation (*id.* at 4). Defendant, on the other hand, contends that "Plaintiff's medical records and own allegations belie any suggestion that he was delayed care" (Def. Resp., Dkt 33 at 4). Furthermore, Defendant argues, "even an alleged misdiagnosis fails to state a claim under the Eighth Amendment" (*id.*).

Plaintiff's objection is without merit. As Defendant correctly states, Plaintiff's own evidence suggests that there was no delay of care (Pl. Partial Medical Records, Dkt 21). The Magistrate Judge correctly concluded that Plaintiff can at most establish that he was misdiagnosed (R & R, Dkt 27 at 8). However, an alleged misdiagnosis does not constitute "indifference" for purposes of the Eighth

3

Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment").

In addition, Plaintiff argues that the Magistrate Judge "applied a heightened pleading standard" to his complaint, while she should "have drawn all inferences in favor of the nonmoving party to the summary judgment motion as required by law" (Pl. Obj., Dkt 29 at 5). Plaintiff's objection, however, is without merit. The Magistrate Judge utilized the proper summary judgment standard and properly concluded that even construing the complaint in a light most favorable to Plaintiff, Plaintiff simply failed to demonstrate a cognizable claim under the Eighth Amendment (R & R, Dkt 27 at 8). *See Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Simply put, the Complaint, construed in a light most favorable to Plaintiff, does not contain sufficient facts to support the claim that" the defendant "act[ed] with deliberate indifference toward [the plaintiff's] serious medical needs."). Accordingly, Plaintiff's objection is denied.

**Objection Three**

Next, Plaintiff objects to the Magistrate Judge's "reference to allegations of medical malpractice or negligent diagnosis and treatment" because those allegations were not mentioned in his complaint (Pl. Obj, Dkt 29 at 5). Instead, Plaintiff "alleged that Defendant misdiagnosed him to cause a delaying tactic in providing him adequate treatment" (*id.*). However, for the reasons stated above, this objection is without merit and is denied.

In addition, Plaintiff contends that the dispute between Dr. Dafnis and Defendant "creates a genuine issue of material fact to be resolved by a jury" (*id.* at 6). Defendant asserts that Defendant "did not 'disagree' with any outside diagnosis," but even if he did "a disagreement among medical

4

providers is insufficient to establish an Eighth Amendment violation" (Def. Resp., Dkt 33 at 4). The Court agrees. *See Lane v. Wexford Health Sources (Contreator)*, 510 F. App'x 385, 388 (6th Cir. 2013) (stating that the plaintiff's "allegations suggest, at most, a difference in medical opinion, which is not actionable under § 1983"). Therefore, Plaintiff's objection is denied.

**Objections Four, Five, and Six**

Plaintiff objects to the Magistrate Judge's failure to include Plaintiff's evidence that "Defendant also told Plaintiff to exercise his wrist which was contrary to the CTS treatment" in the R & R (Pl. Obj., Dkt 29 at 7). However, as discussed above, an allegation of improper or negligent treatment does not demonstrate a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 106. Accordingly, Plaintiff's objection is denied.

Plaintiff also contends that "Defendant's misdiagnosis and the prescribed treatment for that misdiagnosed ailment, as well as telling Plaintiff to do exercise for his wrist … creates a genuine issue of material fact, and a sufficient disagreement between the medical evaluators" (Pl. Obj., Dkt 29 at 7). However, as stated above, "a difference in medical opinion [] is not actionable under § 1983." *Lane*, 510 F. App'x at 388. Plaintiff's objection is without merit and is therefore denied.

Similarly, Plaintiff objects to the Magistrate Judge's failure to include Plaintiff's evidence that a nurse, relying information provided by the Defendant, also instructed him to exercise his wrist and "[t]his so called treatment was for naught as the exercise caused the hands and wrists to worsen …" (Pl. Obj., Dkt 29 at 8). However, as previously discussed, alleged misdiagnosis or improper care is not actionable under § 1983. *See Estelle*, 429 U.S. at 106. Plaintiff's objection is without merit, and it is denied.

5

Plaintiff next objects to the Magistrate Judge's failure to "list the test administered by Doctor Sudhir to arrive at her medical conclusion" that "Plaintiff was not suffering from CTS" (Pl. Obj., Dkt 29 at 8). Plaintiff appears to contend that Dr. Sudhir "told Plaintiff to continue to do the exercise for his treatment plan" based on "Plaintiff's medical file, which came directly from Defendant" (*id.*). However, Plaintiff's objection is without merit. A test administered by another medical professional is irrelevant to the instant case. Furthermore, to the extent that Plaintiff continues to argue that he was misdiagnosed or received improper treatment, he fails to demonstrate a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 106. Plaintiff's objection is therefore be denied.

### Objection Seven

Next, Plaintiff asserts that the Magistrate judge "failed to consider" that Plaintiff's ulnar nerve injury diagnosis was two months after Defendant allegedly misdiagnosed Plaintiff as not having CTS (Pl. Obj., Dkt 29 at 9). Plaintiff contends that "[t]he decrease in [wrist] strength resulted from the exercise recommended by [Defendant] and "[t]he 'ulnar nerve injury' was a product of the exercise which was prescribed by Defendant" (*id.* at 9). However, as the Magistrate Judge properly concluded, even if Plaintiff's assertions are correct, he can demonstrate at most that Defendant "misdiagnosed his ailment or engaged in malpractice" (R & R, Dkt 27 at 8). Neither misdiagnosis or malpractice violates the Eighth Amendment. *Estelle*, 429 U.S. at 106. Accordingly, Plaintiff's objection is denied.

### Objections Eight and Nine

Plaintiff's final objections concern Defendant's access to the offsite doctor's treatment notes. First, Plaintiff objects to the Magistrate Judge's assertion that "Dr. Defnis did not immediately

6

provide Plaintiff or prison officials with any written documentation articulating or describing [Plaintiff's] test results" (R & R, Dkt 27 at 7; Pl. Obj., Dkt 29 at 10). Second, Plaintiff objects to the Magistrate Judge's statement that the treatment notes had not been provided to Defendant when Defendant examined Plaintiff on December 2, 2013 (R & R, Dkt 27 at 8; Pl. Obj., Dkt 29 at 11). Plaintiff contends that the notes were available to Defendant on November 26, 2013 (Pl. Obj., Dkt 29 at 10-11). As Defendant points out, even if the results were faxed days earlier to Dr. Sudhir, that does not mean that Defendant had seen them when he evaluated Plaintiff. Further, even if Defendant did have access to the offsite doctor's notes, Plaintiff, at most, has demonstrated that Defendant acted negligently or provided improper care. As discussed above, negligence does not constitute an Eighth Amendment violation. *See Comstock*, 273 F.3d at 703 ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation").

**Conclusion**

For the foregoing reasons, the Magistrate Judge properly concluded that Plaintiff failed to demonstrate an Eighth Amendment violation. Even if Plaintiff can establish "the existence of a sufficiently serious medical need," he cannot demonstrate that Defendant "acted with deliberate indifference to inmate health or safety." *Mingus*, 591 F.3d at 480 (internal quotations and citations omitted).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), for the reasons herein, that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 29) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 27) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 16) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: December 14, 2015         /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge